UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASHAWNDA WALKER, individually and as next friend of her children, D. W., a minor, M. H., a minor, Z. H., a minor and M. W., a minor;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF EAST CHICAGO,  ANTHONY COPELAND (individually and in his official capacity as Mayor of the City of East Chicago), BP PRODUCTS NORTH AMERICA INC. ("BP"), E I DU PONT DE NEMOURS and COMPANY ("DuPont"), and ATLANTIC RICHFIELD COMPANY ("ARCO"),<br><br>Defendants. | Case No.<br><br><br><br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT

Plaintiffs, LASHAWNDA WALKER, individually and as next of friend of her minor children, D.W., M.H., Z.H., and M.W., by and through counsel, state as follows:

*Jurisdiction and Venue*

1. This Court has jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331, as those claims arise under the Constitution and laws of the United States. This court has jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy under Article III of the United States and are related to the claims within the Court's original jurisdiction.

2. This action does not present novel or complex issues of State law that predominate over claims for which this Court has original jurisdiction.

3. There are no compelling reasons for declining supplemental jurisdiction over those claims that do not arise under 42 U.S.C. § 1983.

4. Venue is proper in this court because:

a. the unlawful housing practices, the personal injuries, the constitutional and civil rights violations, and the other wrongful acts of the Defendants alleged in this complaint have been, and are now being committed within the Northern District of the State of Indiana;

b. the Defendants are entities with the capacity to sue and be sued in their common names under applicable Indiana laws and subject to the court's personal jurisdiction with respect to this civil action and venue is proper pursuant to 28 U.S.C. § 1391; and

c. the Plaintiffs reside in this district.

*Parties*

5. Plaintiffs, LASHAWNDA WALKER, and her minor children D.W., M.H., Z.H. and M.W. have been residents of the West Calumet Housing Complex, which is intended for those who are of low income, located in East Chicago, Indiana for approximately ten (10) years. LASHAWNDA WALKER and her four (4) minor children have been exposed to extremely high levels of lead and arsenic due to the actions of the Defendants.

6. LASHAWNDA WALKER is a member of the general public and believes there are others similarly situated to her in that there are other members of the general public that have been subjected to the same harms by these same Defendants.

7. As a result of Defendants' actions, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical

expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions and contract damages.

8. Defendant, CITY OF EAST CHICAGO ("The City") is an Indiana municipal corporation located in Lake County, Indiana.

9. Defendant, CITY OF EAST CHICAGO employed ANTHONY COPELAND who is the current mayor of the City of East Chicago.

10. Mr. Copeland's wrongful acts were done intentionally, individually and in his official capacity as Mayor of the City of East Chicago. As such, he was empowered to make decisions on all matters affecting the abridged rights of the Plaintiffs.

11. Defendant CITY OF EAST CHICAGO by and through the EAST CHICAGO HOUSING AUTHORITY ("ECHA") provides affordable housing and low income housing programs. ECHA is an arm of the CITY OF EAST CHICAGO and carried out the policies and procedures of the City.

12. Defendant BP PRODUCTS NORTH AMERICA INC. ("BP") has its headquarters in London, England but regularly transacts business in the United States and in the State of Indiana.

13. Defendant E I DU PONT DE NEMOURS and COMPANY ("DuPont") has its headquarters in Wilmington, Delaware but regularly transacts business in the State of Indiana; Defendant ATLANTIC RICHFIELD COMPANY ("ARCO") has its headquarters in La Palma, California but regularly transacts business in the state of Indiana.

14. BP, ARCO and DuPont (herein referred to as the "Corporate Defendants") are and

at all material times have been companies authorized or organized and existing under laws of the State of Indiana, with one or more of the Corporate Defendants having offices located in Lake County, Indiana.

15. Defendants are subject to the provisions of the United States Constitution.

*Conditions Precedent*

16. LASHAWNDA WALKER has begun to file her tort claims with the State of Indiana, the City of East Chicago, and the United States agencies, as applicable.

*Facts Common to all Counts*

17. In 2014, DuPont and Atlantic Richfield Company entered into an agreement with the EPA and IDEM for a $26 million cleanup of lead and arsenic contamination in East Chicago; IDEM and the EPA failed to provide notice to the Plaintiffs or the general public regarding the agreement and the terms of the agreement or the underlying circumstances which detrimentally affected the property, health and lives of the Plaintiffs.

18. The combined actions of the Defendants in this matter have caused harm to the Plaintiffs, namely by exposing them to extremely high levels of lead, arsenic and other potentially harmful contaminants.

19. The wrongful acts of Copeland were a manifestation of the City of East Chicago's own wrongful acts and are fairly those of the City because of his position as Mayor.

20. The City of East Chicago policies and customs supported the deliberate concealment of dangers affecting the Plaintiffs, *inter alia*, and these policies and customs were the moving force behind the conduct of its Mayor, housing authority, its legislative body, and other employees that caused the harm to the Plaintiffs.

21. The Indiana Department of Environmental Management ("IDEM") is an agency of the State of Indiana who is responsible for protecting the environment and human health.

22. DOE 2 is believed to be a current or former director of IDEM.

23. The United States Environmental Protection Agency ("EPA") is an agency of the U.S. federal government who is responsible for protecting the environment and human health.

24. DOE 3 is believed to be a current or former director of the EPA but cannot yet be named as a Defendant pursuant to the Federal Tort Claims Act ("FTCA"). If Plaintiffs' anticipated FTCA claims are rejected, they reserve the right to amend this complaint.

25. Should it be proven at trial that the concealment by EPA and IDEM of information material to the rights of the Plaintiffs and the general public these entities should be prevented from any such future act and the Plaintiffs should be afforded injunctive relief against any such future conduct.

26. According to the World Health Organization, lead is a cumulative toxicant that affects multiple body systems and is particularly harmful to young children. Even relatively low levels of exposure can cause serious and irreversible neurological damage.

27. Arsenic is highly toxic and is a carcinogen which has been associated with the development of cancer. Arsenic poisoning typically occurs as a result of industrial exposure or in cases of malicious intent.

28. Defendants failed to protect the Plaintiffs and concealed the fact that lead and arsenic were present on the premises of the West Calumet Housing Complex as Plaintiffs continued to suffer (See Exhibit A: Letter from Mayor Anthony Copeland to Residents of the West Calumet Housing Complex). The Defendants wrongful acts constitute fraud,

misrepresentation, conspiracy, gross negligence and constitutional violations, for which the IDEM, the Director of IDEM, the EPA, the Director of the EPA, the ECHA, the Director of ECHA, the City of East Chicago and Anthony Copeland are not afforded immunity.

29. The Corporate Defendants deposited the above-mentioned lead, arsenic and other potential contaminants, on the site that is now the West Calumet Housing Complex.

30. As a direct and proximate result of Defendants' actions and failures to act, Plaintiffs' constitutional rights have been violated and Plaintiffs have suffered serious physical, mental and emotional injuries, as described in this complaint.

### *COUNT I: 42 U.S.C. § 1983 – Substantive Due Process – State Created Danger*

### *(Against Defendant the City of East Chicago)*

31. Plaintiffs hereby incorporate allegations in paragraphs 1 through 30 of this complaint as though fully restated herein.

32. Plaintiffs, in this action, are citizens of the United States and all of the Defendants are persons for purposes of 42 U.S.C. § 1983.

33. All Defendants, at all times relevant hereto, were acting under the color of law in their individual and official capacity as State and City officials, and their acts and/or omissions were conducted within the scope of their official duties and employment.

34. Policies and procedures of the EPA, IDEM, ECHA and the City of East Chicago condoned and effectuated the wrongdoing of the individual government officials.

35. Plaintiffs herein, at all times relevant hereto, have a clearly established Constitutional right under, *inter alia*, the Fourteenth Amendment, such that a city or state cannot deprive a person of their life, liberty or property without due process of law.

36. Defendants each acted to expose the Plaintiffs to arsenic and lead and other potentially harmful contaminants.

37. Defendants actions and omissions were malicious and involved reckless, callous and deliberate indifference to Plaintiffs' federally protected rights. These actions shock the conscience of any reasonable person and violate the constitutional rights of the Plaintiffs.

38. The City of East Chicago, ECHA, EPA and IDEM or its predecessor agency knew for more than thirty (30) years that the West Calumet Housing Complex had issues with lead and arsenic poisoning.

39. Mayor Anthony Copeland also had personal knowledge of the contaminants (namely lead and arsenic) present at the West Calumet Housing Complex.

40. In July of 2012, the EPA proposed a cleanup for the residential area that includes the West Calumet Housing Complex.

41. Plaintiffs and other residents of the West Calumet Housing Complex were never told about the extremely high levels of lead and arsenic until July of 2016.

42. Consequently, the above-mentioned Defendants intentionally withheld this information from the Plaintiffs.

43. Defendants concealed and hid said information that demonstrated the danger the Plaintiffs faced.

44. Defendants acted with deliberate indifference to a known and obvious danger.

45. Defendants created and increased the danger facing the Plaintiffs.

46. As a result of Defendants' actions, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss,

shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions and contract damages.

### *COUNT III: 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection & Privileges or Immunities Clause (Against Defendant City of East Chicago)*

47. Plaintiffs hereby incorporate allegations in paragraphs 1 through 46 of this complaint as though fully restated herein.

48. Defendants acted in concert and joint action to violate the Equal Protection Clause and the Privileges and Immunities Clause of the Fourteenth Amendment.

49. Plaintiffs are members of a protected class and were unlawfully discriminated against because of the color of their skin and their race, which is African American.

50. Plaintiffs are residents of the West Calumet Housing Complex, which predominantly consists of African Americans and other minorities.

51. The City had no compelling interest for discriminating against and treating the Plaintiffs differently because of their race.

52. Plaintiffs were deprived of their constitutional rights, specifically the Equal Protection Clause of the Fourteenth Amendment but also the Privileges and Immunities Clause of the United States Constitution.

53. Defendants' actions were intentional, malicious, willful, wanton and in gross and reckless disregard of Plaintiffs' constitutional rights.

54. As a direct and proximate result of the Defendants' unlawful actions and/or

failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, compensatory and special damages.

### *COUNT IV: 42 U.S.C. § 1983 – Substantive Due Process – Bodily Integrity*

### *(Against Defendant City of East Chicago)*

55. Plaintiffs hereby incorporate allegations in paragraphs 1 through 54 of this complaint as though fully restated herein.

56. Plaintiffs, in this action, are citizens of the United States and all of the Defendants are persons for purposes of 42 U.S.C. § 1983.

57. All Defendants, at all times relevant hereto, were acting under the color of law in their individual and official capacity as State and City officials, and their acts and/or omissions were conducted within the scope of their official duties and employment.

58. Plaintiffs have a clearly established right to bodily integrity under the Fourteenth Amendment.

59. At all times relevant hereto, that right is and has been well established.

60. In exposing Plaintiffs to arsenic, lead and other possible contaminants, Defendants violated Plaintiffs' right to bodily integrity.

61. Defendants failed to protect the Plaintiffs from a foreseeable risk of harm from exposure to lead, arsenic and other possible contaminants.

62. As a result of Defendants' actions and/or omissions, Plaintiffs suffered bodily

harm and their rights to bodily integrity were violated.

63. Defendants actions and omissions were malicious, reckless, and/or were made with deliberate indifference to Plaintiffs' constitutional rights. Defendants engaged in these acts willfully, maliciously, in bad faith, and/or in reckless disregard for Plaintiffs' constitutional rights.

64. These actions shock the conscience of the Plaintiffs and of any reasonable person.

65. As a result of the Defendants' unlawful conduct, Plaintiffs have suffered injuries and seek relief.

66. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

67. As a direct and proximate result of all of the Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract and punitive damages.

*COUNT V: 42 U.S.C. § 1983 – Procedural Due Process – Deprivation of a Contractually Created Property Right (Against Defendant City of East Chicago)*

68. Plaintiffs hereby incorporate allegations in paragraphs 1 through 67 of this complaint as though fully restated herein.

69. Lashawnda Walker entered into a lease agreement (See Exhibit B) with the East Chicago Housing Authority, which is authorized to carry out rental abilities by the City of East

Chicago, as its agent.

70. Defendants deprived Plaintiffs of their contractually based property right, pursuant to the lease agreement, without proper notice or hearing.

71. Defendants have not provided Plaintiffs with just compensation for their taking of Plaintiffs' property interests.

72. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

73. As a direct and proximate result of all of the Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract, and punitive damages.

### COUNT VI: Conspiracy (Against All Defendants)

74. Plaintiffs hereby incorporate allegations in paragraphs 1 through 73 of this complaint as though fully restated herein.

75. The Defendants had an agreement together to unlawfully and deliberately deprive Plaintiffs of their rights, to misrepresent the West Calumet Housing complex as safe and to expose the Plaintiffs to lead, arsenic and other potentially harmful contaminants.

76. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

77. As a direct and proximate result of all of the Defendants' actions and/or failures to

act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract, and punitive damages.

### *COUNT VII: Personal Injury (Against Corporate Defendants)*

78. Plaintiffs hereby incorporate allegations in paragraphs 1 through 77 of this complaint as though fully restated herein.

79. DuPont and Atlantic Richfield have entered into an agreement with the EPA and IDEM for a $26 million cleanup of lead and arsenic contamination in East Chicago.

80. DuPont and Atlantic Richfield contributed to more than a century of lead and arsenic contamination, in East Chicago, including what is now the West Calumet Housing Complex.

81. As such, DuPont and Atlantic Richfield contributed to Plaintiffs' exposure to lead and arsenic.

82. Atlantic Richfield was acquired by BP and is part of the BP Group.

83. The Corporate Defendants had a duty to prevent their operations from contaminating the environment where the Plaintiffs reside, to clean up the environment where the Plaintiffs reside, to inform the Plaintiffs of the dangerous environment where they resided, and to generally protect the wellbeing of the Plaintiffs and the general public from the harmful contaminants for which these Defendants had information but failed to act.

84. The wrongful acts of the Corporate Defendants constituted gross negligence

because they were so reckless and demonstrated a substantial lack of concern for whether an injury would result.

85. As a result of the actions of these Defendants, Plaintiffs suffered injuries including but not limited to personal injuries, illnesses and exposure to toxic substances.

86. These Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

87. As a result of these Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract damages and punitive damages.

## *COUNT VIII: Breach of Contract and Implied Warranty*

### *(Against Defendant City of East Chicago)*

88. Plaintiffs hereby incorporate allegations in paragraphs 1 through 87 of this complaint as though fully restated herein.

89. In order to live at the West Calumet Housing Complex, Lashawnda Walker entered into a lease agreement (See Exhibit B) with the East Chicago Housing Authority, which is authorized to carry out rental abilities by the City of East Chicago as its agent.

90. By signing the lease agreement, Lashawnda Walker agreed to pay rent for residing at the West Calumet Housing Complex.

91. The ECHA, as Management, was obligated to maintain the premises in a decent,

safe and sanitary condition.

92. The ECHA, City of East Chicago and its Mayor promised and impliedly promised that the West Calumet Housing Complex was fit for human habitation.

93. The ECHA, City of East Chicago and its Mayor have admitted that the West Calumet Housing Complex is highly contaminated with lead and arsenic (See Exhibit A) and therefore, clearly not fit for human habitation.

94. The City of East Chicago and its Mayor materially and irreparably breached this contract and the implied warranty of habitability by failing to provide a safe environment for Lashawnda Walker and her four (4) minor children and instead exposing Plaintiffs to a harmful and contaminated environment that is and was unfit for human habitation.

95. As a result of these Defendants' breach, Plaintiffs suffered damages for all amounts billed, charged and/or collected, whether paid or unpaid.

96. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

97. As a direct and proximate result of the Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract damages and exemplary damages.

### *COUNT IX: Fraud and Misrepresentation (City of East Chicago)*

98. Plaintiffs hereby incorporate allegations in paragraphs 1 through 97 of this

complaint as though fully restated herein.

99. The City of East Chicago and its Mayor fraudulently misrepresented to the Plaintiffs that the West Calumet Housing Complex was safe and fit for human habitation.

100. This representation was clearly false since the City of East Chicago and its Mayor have admitted that the West Calumet Housing Complex is highly contaminated with lead and arsenic (See Exhibit A) and therefore, clearly unsafe and unfit for human habitation.

101. Based on these fraudulent misrepresentations, Lashawnda Walker was induced to enter into the lease agreement with the East Chicago Housing Authority.

102. The City and its Mayor failed to disclose material facts, that would be relevant before signing of the lease.

103. The City and its Mayor wrongfully and deliberately deceived the Plaintiffs with the intent of financial and personal gain and also, to deprive the Plaintiffs of their legal rights.

104. As a result of these Defendants' fraudulent misrepresentations, Plaintiffs suffered damages.

105. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

106. As a direct and proximate result of the Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract damages and exemplary damages.

### COUNT X: Trespass (Against all Defendants)

107. Plaintiffs hereby incorporate allegations in paragraphs 1 through 106 of this complaint as though fully restated herein.

108. Defendants' negligent, grossly negligent, willful, and/or wanton conduct and/or failures to act caused contaminants (namely lead and arsenic) to enter upon the West Calumet Housing Complex and subsequently onto the Plaintiffs' person.

109. Upon information and belief, Defendants had exclusive control over the premises of the West Calumet Housing Complex at all relevant times.

110. Defendants, knowingly or in circumstances under which they should have known, engaged in deliberate actions that released contaminants, which were substantially certain to invade the West Calumet Housing Complex, where Plaintiffs resided.

111. Defendants actions were done with actual malice or wanton, reckless or willful disregard for Plaintiffs' rights and/or safety.

112. Defendants' actions and/or omissions were the proximate cause of the Plaintiffs' injuries.

113. As a direct and proximate result of the Defendants' actions and/or failures to act, Plaintiffs have suffered past, present and future personal injuries, including (but not necessarily limited to): various health problems, weight loss, shortened life expectancy, miscarriage, physical pain and suffering, mental anguish, medical expenses, medical monitoring expenses, wage loss, brain and developmental injuries, cognitive deficits, lost earning capacity, aggravation and exacerbation of pre-existing conditions, contract damages and exemplary damages.

### Jury Demand

COMES NOW the Plaintiffs, by counsel, and demands trial by jury for all counts.

WHEREFORE, premises considered, the Plaintiffs, by counsel, request that this Court demand judgment against the Defendants, jointly and severally, and issue:

1) an order declaring the conduct of the Defendants unconstitutional;

2) an order of equitable relief to establish a medical monitoring fund;

3) an order for an award of general damages, compensatory damages and punitive damages;

4) an order for an award of attorney fees and litigation expenses;

5) any and all appropriate injunctive relief; and

6) an order for all other relief that is just and proper, in the premises.

Respectfully submitted,

/s/ Maryam Hassani
Maryam Hassani #31728-49
Zamudio Law Professionals, PC
233 South Colfax
Griffith, Indiana 46319
Phone (219) 924-2300
Fax (219) 924-2401