UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASHAWNDA WALKER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:16 CV 367 |
| | ) |
| E I DU PONT DE NEMOURS AND COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motions to dismiss. (DE # 101; DE # 111.) For the reasons identified below, defendants' motions are granted in part.

I.     BACKGROUND

Plaintiffs, former residents of the West Calumet Public Housing Complex ("the Complex"), have filed a third amended complaint against defendants East Chicago Housing Authority ("ECHA") and E I DuPont De Nemours and Company ("DuPont"). (DE # 98.) Plaintiffs' third amended complaint alleges claims arising under Indiana law and 42 U.S.C. § 1983, stemming from their exposure to lead and arsenic contamination at the site of the Complex. (*Id.*) Plaintiffs contend that DuPont is responsible for depositing these contaminants on the site. (*Id.* at 6.) Plaintiffs contend that ECHA knowingly failed to protect them from the contamination, and intentionally concealed the fact of the contamination from them. (*Id.*)

1

Plaintiffs' third amended complaint alleges seven counts against defendants. Count I is a Section 1983 claim against ECHA for violating plaintiffs' substantive due process rights under a theory of state-created danger. (*Id.* at 7.) Count II is a Section 1983 claim against ECHA for violating plaintiffs' substantive due process right to bodily integrity. (*Id.* at 8.) Count III is a Section 1983 due process claim against ECHA for violating plaintiffs' contractually-created property rights. (*Id.* at 8-9.) Count IV is a negligence claim against DuPont. (*Id.* at 9-11.) Count V is a breach of contract and implied warranty claim against ECHA. (*Id.* at 11-12.) Count VI is a fraudulent misrepresentation claim against ECHA. (*Id.* at 12.) Count VII is a negligence claim against ECHA. (*Id.* at 13.)

Both defendants have filed motions to dismiss. (DE # 101; DE # 111.) The motions are fully briefed and this matter is now ripe for resolution.

## II.    LEGAL STANDARD

A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank*, 595 F.3d 759, 763 (7th Cir. 2010). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. ANALYSIS

#### A. Monell *Liability*

ECHA argues that Counts I, II, and III fail to state a claim because plaintiffs failed to plead that ECHA is liable for any constitutional violation pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978). (DE # 112 at 13.)

Under *Monell,* a local government may not be sued under Section 1983 for an injury caused solely by its employees or agents. *Monell*, 436 U.S. at 694. Rather, "a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago,* 690 F.3d 829, 834 (7th Cir. 2012). Thus, ECHA can only be held liable where there is "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* at 834 (internal quotation marks and citation omitted).

Here, ECHA argues that plaintiffs' pleadings regarding *Monell* liability amount to mere legal conclusions and "do not so much as hint at what 'policy' they are referring to." (DE # 112 at 14; DE # 116 at 6.) This is not true. Plaintiffs' third amended complaint alleges that ECHA had a policy or practice of deliberately concealing the dangers of

3

contamination from the residents of the Complex, and that this policy or practice was the moving force behind the conduct of its employees that caused plaintiffs' harm. (DE # 98 at 6, 8.) Plaintiffs support this claim with factual allegations that ECHA was aware of the contamination at the Complex for more than 30 years, but the residents of the Complex were not notified of the contamination until 2016. (*Id.* at 7, 10.) At the pleading stage, this is sufficient to state a plausible claim for *Monell* liability.

      B.      *Count I: Substantive Due Process Claim against ECHA under the State-Created Danger Doctrine*

In order to state a claim pursuant to Section 1983, a plaintiff must sufficiently allege that: "(1) a person acting under color of state law (2) deprived her of a right, privilege, or immunity secured by the United States Constitution or laws." *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 653 (7th Cir. 2011).

In Count I, plaintiffs allege that ECHA is liable for violating the Due Process Clause, pursuant to the state-created danger doctrine. *See DeShaney v. Winnebago Cty. Dept. of Soc. Serv.*, 489 U.S. 189 (1989). "The Due Process Clause of the Fourteenth Amendment 'generally does not impose upon the state a duty to protect individuals from harm by private actors.'" *Jackson*, 653 F.3d at 654 (internal citation omitted). However, there is an exception "'when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced.' This [] exception is known as the state-created danger doctrine[.]" *Id.* (internal citation omitted).

To establish a substantive due process claim under the state-created danger doctrine, a plaintiff must allege that: (1) the defendant, by its affirmative acts, created or increased a danger that the plaintiff faced; (2) the defendant's failure to protect the plaintiff from danger was the proximate cause of the plaintiff's injuries; and (3) the defendant's failure to protect the plaintiff "shocks the conscience." *Id.* "Where . . . public officials have time for reasoned deliberation in their decisions, the officials' conduct will only be deemed conscience shocking when it 'evinces a deliberate indifference to the rights of the individual.'" *Id.* at 655 (internal citation omitted).

Plaintiffs have failed to state a claim under the state-created danger doctrine. The Constitution does not provide a substantive due process right to protection from a hazardous or dangerous condition, even when a governmental entity creates exposure to that condition. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115 (1992).

In *Collins*, the Supreme Court considered whether a city could be liable under Section 1983 for the death of one of its employees where the city failed to warn its employees of a known hazard in the workplace. *Id.* The employee died of asphyxia after entering a manhole to unstop a sewer line. *Id.* at 118. The city was on notice of the dangerous condition because a few months earlier a different employee had been rendered unconscious in a similar situation. *Id.* at n. 1. The estate of the deceased employee sued, alleging that the city violated the employee's substantive due process rights under the state-created danger doctrine by failing to warn its employees of the danger and by failing to protect its employees from such danger. *Id.* at 118. The

5

Supreme Court held that the city's conduct did not violate the Due Process Clause. First, the Constitution does not impose a duty on governmental entities to provide its employees with a minimally safe workplace. *Id.* at 126. The Clause limits the government's power to act; it does not guarantee any minimal level of safety or security. *Id.* Second, the city's failure to warn its employees of the known hazard was not "conscience shocking, in a constitutional sense." *Id.* at 128. Rather, the estate's claim was akin to a traditional tort claim, and the Due Process Clause does not supplant state tort law. *Id.* The Court emphasized that the administration of government programs (such as sewer maintenance), and the allocation of resources to those programs, is a decision-making process that involves competing policy choices that states, not the judiciary, must resolve. *Id.* at 129-30.

*Collins* and its progeny require the dismissal of plaintiffs' state-created danger claim. Plaintiffs' pleadings allege only a willful failure to warn (*see* DE # 98 at 7) – and *Collins* makes clear that a failure to warn does not rise to the level of a state-created danger. *Id; see also Sandage v. Bd. of Comm'rs of Vanderburgh Cty.*, 548 F.3d 595, 599 (7th Cir. 2008) (noting that the first element of the state-created danger doctrine – that the state affirmatively "create or increase" a danger – "must not be interpreted so broadly as to erase the essential distinction between endangering and failing to protect"); *Witkowski v. Milwaukee Cty.*, 480 F.3d 511, 514 (7th Cir. 2007) ("Disregarding a known risk to a public employee does not violate the Constitution whether or not the risk comes to pass."); *Wallace v. Adkins*, 115 F.3d 427 (7th Cir. 1997) (prison did not

6

affirmatively create or increase danger to prison guard when it ordered guard to stay at his post with an inmate who credibly threatened guard's life, and where prison falsely promised to take action to protect guard).

The substantive component of the Due Process Clause may "demand protection if the state disables people from protecting themselves; having rendered someone helpless, the state must supply the sort of defenses that the person could have provided on his own." *Witkowski*, 480 F.3d at 513. However, plaintiffs do not allege that ECHA forced them into a position of danger; it merely failed to affirmatively warn them of an existing danger. *See e.g. Dawson v. Milwaukee Hous. Auth.*, 930 F.2d 1283, 1285 (7th Cir. 1991) ("There is a gulf between poverty and custody" and "[a] belief that the government's offer [of subsidized housing] should have a higher component of safety . . . is a substantive argument for consideration by the political branches."). As *Collins* makes clear, a knowing failure to warn does not state a substantive due process claim. Therefore, ECHA's motion to dismiss Count I will be granted.

C. *Count II: Substantive Due Process Claim against ECHA for Violation of Bodily Integrity*

In Count II, plaintiffs allege that ECHA violated their substantive due process right to bodily integrity. This court previously dismissed this claim as stated against the City of East Chicago in the second amended complaint. (DE # 83 at 14-15.) The newest iteration of this claim substitutes ECHA for the City of East Chicago and removes several legal and factual allegations. However, this court's reasons for dismissing the claim from the second amended complaint apply with equal force to the third amended

7

complaint, as plaintiffs have not identified any violation of a right protected under the Due Process Clause.

There is little discernible difference between plaintiffs' claims in Counts I and II. And, as discussed in the previous section, there is no due process right to be protected from harm imposed by third parties, or to be warned of a known harm – even where the government has offered false assurances of safety. *See Wallace*, 115 F.3d at 430. Plaintiffs did not respond to ECHA's motion to dismiss Count II, and thus have not directed this court toward any authority, from this Circuit or elsewhere, that could support their substantive due process claim against ECHA for failing to protect them from the contamination at the Complex. For these reasons, and those articulated in this court's previous dismissal order, Count II will be dismissed.

    D.    *Count III: Procedural Due Process Claim against ECHA for Violation of Contractually-Created Property Rights*

In Count III, plaintiffs allege that, by agreeing "to provide Plaintiffs with a safe place to live" and then allegedly failing to do so, ECHA deprived them of "contractually based property rights, pursuant to their lease agreements, without proper notice or hearing, a constitutional right." (DE # 98 at 8-9.)

It is unclear whether plaintiffs intended to assert both a procedural and substantive due process claim in Count III. To the extent that they intended to assert a substantive due process claim, "caselaw from our circuit dispels the notion that a substantive constitutional property interest arises simply because a state actor breaks a contract with a state citizen." *Taake v. Cty. of Monroe*, 530 F.3d 538, 540 (7th Cir. 2008).

"When a state actor breaches a contract it has with a private citizen, and the subject matter of that contract does not implicate fundamental liberty or property interests, the state acts just like any other contracting private citizen; the proper tribunal to adjudicate issues arising from the contract (or alleged contract) is a state court[.]" *Id.* at 542 (internal citations omitted). *See also Finegan v. Brannon, et. al.*, 2018 WL 5970599, at *1 (7th Cir. Nov. 14, 2018) ("A claim that a state has broken a promise arises under state law, not the Constitution.").

Moreover, plaintiffs failed to state a procedural due process claim regarding ECHA's contractual obligation to provide safe housing. Any process to which they were due is adequately served by a state-law breach of contract claim. "[T]he Constitution does not require state actors to keep their promises. It requires process before any state may finally deprive a person of liberty or property (including rights under a contract), but the opportunity to litigate in state court supplies all the process that is due for claims of breach." *Kay v. Bd. of Educ. of City of Chicago*, 547 F.3d 736, 739 (7th Cir. 2008). *See also Lafayette Linear v. Vill. of Univ. Park, Illinois*, 887 F.3d 842, 844 (7th Cir. 2018) ("[F]or someone who relies on a property interest created by a contract with a public body, the process due when the government arguably has broken its promise is the opportunity to seek damages from a state court."); *Indiana Land Co. v. City of Greenwood*, 378 F.3d 705, 710 (7th Cir. 2004) ("All states provide judicial remedies for breach of contract and these remedies will almost always provide all the process that is constitutionally due.").

The Seventh Circuit's decision in *Taake* is instructive as to why plaintiffs' substantive and procedural due process allegations in Count III fail to state a claim. In *Taake*, the Court considered the due process claims of a plaintiff who argued that the County of Monroe violated its contractual agreement to sell him a piece of land. 530 F.3d at 540. The Court rejected the plaintiff's substantive due process claim on the basis that – as noted above – a state's breach of contract does not give rise to a substantive due process claim. *Id.* at 542-43. Moreover, the fact that the contract involved *land* did not mean that a *property* interest was implicated. *Id.* at 542. The Court noted that it has historically refused to create a "redundant federal right that simply mirrors the available state-law tort." *Id.* (quoting *Khan v. Gallitano*, 180 F.3d 829 (7th Cir. 1999)).

The Seventh Circuit also rejected the plaintiff's procedural due process claim. The Court noted that although the plaintiff "used the words 'procedural due process' in his complaint, [] the remedies he seeks belie any suggestion that Taake is interested in notice and a hearing on the County's decision not to sell him the land." *Id.* at 543. Rather, "[t]he only remedies Taake desires are for the alleged breach of contract: damages, specific performance of the land sale, and an injunction prohibiting the County from transferring or disposing of the land in a manner that violates the purported contract." *Id.* The Court concluded, "'[u]nless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law.'" *Id.* (quoting *Goros v. Cty. of Cook*, 489 F.3d 857, 859 (7th Cir. 2007)).

Here, as in *Taake*, plaintiffs do not want process – they want money. They do not allege that they were entitled to a hearing to resolve a contested issue of fact, and this court will not determine whether a contract created a property right in the abstract. *See Goros*, 489 F.3d at 860. Count III is a contract claim inappropriately dressed-up as a constitutional claim, and therefore it belongs in state court. Accordingly, Count III will be dismissed.

E.     *State Law Claims*

Plaintiffs' remaining claims, Counts IV-VII, are all state law claims. In the absence of any remaining federal claims, the court declines to exercise jurisdiction over this matter any further. Principles of comity encourage the court to relinquish supplemental jurisdiction over state law claims when all of the federal claims are disposed of prior to trial. *See Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999); 28 U.S.C. § 1367(c)(3).

While in some circumstances it is appropriate for a district court to retain jurisdiction over state law claims after the federal claims have dropped out of the case, none of those circumstances are present in this case. *See RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478-81 (7th Cir. 2012); *Sharp Elecs. Corp v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009). Here, plaintiffs will not be prejudiced by this dismissal because they may refile the case in state court as appropriate under Indiana's savings statute, IND. CODE § 34–11–8–1, and the tolling provision of 28 U.S.C. § 1367(d).

Moreover, this matter remains at the pleading stage, and there has not been such substantial judicial resources committed to the claims that sending the case to another court will cause a substantial duplication of effort. Finally, the merits of the state law claims are not "absolutely" clear, and therefore a state court should have the opportunity to address the merits of these claims in the first instance.

        F.        *Request for Leave to File an Amended Complaint*

In their responses to the motions to dismiss, plaintiffs request that this court grant them leave to file an amended complaint if the court dismisses any of their claims. (DE # 107 at 15; DE # 115 at 6.) The court denies this request, as amendment would be futile.

Federal Rule of Civil Procedure 15(a)(2) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). "'Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (internal citation omitted). "There is no abuse of discretion where the district court denies a motion for leave to amend when the proposed amendment would not cure the

deficiencies identified in the earlier complaint." *Bell v. City of Chicago*, 694 F. App'x 408, 412 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Aug. 17, 2017). *See also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

Here, plaintiffs could not file an amended complaint that would cure the deficiencies in their Section 1983 claims against ECHA. As explained above, those claims fail to identify a cause of action under the Due Process Clause. There are no factual allegations plaintiffs could add that could transform their present claims into viable causes of action. Thus, the court will deny plaintiffs' request for leave to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** defendant East Chicago Housing Authority's motion to dismiss (DE # 111) with respect to plaintiffs' claims under 42 U.S.C. § 1983 (Counts I, II, and III);

(2) **DENIES** plaintiffs' request for leave to file an amended complaint (DE # 115);

(3) **RELINQUISHES** jurisdiction over plaintiffs' state law claims (Counts IV-VII); and

(4) **DIRECTS** the Clerk to close this case.

**SO ORDERED**.

Date: November 27, 2018

                               s/James T. Moody
                               JUDGE JAMES T. MOODY
                               UNITED STATES DISTRICT COURT